# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY A. DAVIS, ) | |
| ) | CASE NO. 1:03 CV 2358 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| COWAN SYSTEMS, L.L.C., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | **ORDER** |

Defendant Cowan Systems ("Cowan") filed a Motion to Exclude/Strike Opinions of Plaintiff Jeffrey Davis' Expert, Robert Reed. (Doc. No. 93.) Cowan seeks to prohibit Reed from giving certain opinion testimony on the grounds that it impermissibly draws legal conclusions, is irrelevant, and is not is not admissible under the standards set forth in *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1983).[1] (Doc. No. 93.)  For the reasons set forth in detail below, Cowan's

---

[1] Under *Daubert*, the trial court must ensure that all scientific testimony or evidence is both relevant and reliable. *Daubert* sets forth a non-exclusive list of factors for the court to consider in determining the reliability of expert testimony: (1) whether a theory or technique can be (or has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error in using a particular scientific technique and the existence and maintenance of standards controlling the technique's operation; and (4) whether the theory or technique has been generally accepted in the particular scientific field. *Daubert*, 509 U.S. at 593-94.  The court may consider one or more of these factors, but the list does not apply exclusively to all experts or in every case. *Kumho Tire Co. v. Carmichael*, 526 U.S.137, 141 (1999).  The court has broad latitude to determine whether these factors are reasonable measures of reliability in a particular case. *Id.* at 153.

motion to exclude (Doc. No. 93) is GRANTED.[2]

## I. Analysis

Cowan seeks to prohibit six of Reed's opinions: (1) Leland Paul Crocker ("Crocker") was negligent in the operation of his tractor-trailer; (2) Crocker's negligent actions were the proximate cause of the crash and the injuries to Davis; (3) Crocker failed to use his seatbelt to keep him in complete control of his commercial vehicle; (4) Crocker violated Federal Motor Carrier Safety Regulations ("FMCSR"); (5) Cowan was negligent in the training and monitoring of Crocker; and (6) Cowan violated FMCSR. (Reed Report, p. 2.)

**A. Opinions on Crocker's negligence and proximate cause**

In his expert report, Reed opines that (1) Crocker was negligent in the operation of his tractor-trailer, and (2) such negligence was the proximate cause of the crash and Davis' injuries. Cowan asserts that these opinions are improper legal conclusions.

The question of whether Crocker was negligent in operating the tractor-trailer is an ultimate issue for the jury. Federal Rule of Evidence 704 permits an expert's opinion to embrace an ultimate issue to be decided by the trier of fact. However, the advisory committee notes to Rule 704 show that all opinions on the ultimate issue in a case are admissible:

> The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence

---

[2] The Court held a *Daubert* hearing for Davis to present the bases and foundation for Reed's opinions. Davis stated that the foundation for Reed's opinions was set forth in Reed's deposition testimony and his expert report. This Court has reviewed those documents.

> which wastes time. These provisions afford ample assurances against
> the admission of opinions which would merely tell the jury what result to
> reach, somewhat in the manner of the oath-helpers of an earlier day.
> They also stand ready to exclude opinions phrased in terms of
> inadequately explored legal criteria. Thus the question, "Did T have
> capacity to make a will?" would be excluded, while the question, "Did
> T have sufficient mental capacity to know the nature and extent of his
> property and the natural objects of his bounty and to formulate a
> rational scheme of distribution?" would be allowed.

Therefore, testimony offering nothing more than a legal conclusion, *i.e.*, testimony that does little more than tell the jury what result to reach, is properly excludable under the Rules. *Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997). Further, it is also appropriate to exclude "ultimate issue" testimony on the ground that it would not be helpful to the trier of fact when "the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular."[3] *Id.* Further, expert testimony opining that a defendant is negligent is inadmissible when it instructs the jury that certain behavior by a defendant amounts to negligence under the law. *Shahid v. Detroit,* 889 F.2d, 1543, 1547 (6th Cir. 1989).

In the instant action, Reed bases his opinion on Crocker's alleged negligence on statements such as: (1) Mr. Crocker failed to adjust his speed for the conditions and environment that he encountered;[4] (2) Mr. Crocker failed to perceive and react to a known hazard and a vehicle at the

---

[3] Testimony is objectionable as containing a legal conclusion where the "average layman would not understand those terms and ascribe to them essentially the same meaning as intended [by the expert witness]". *See United States v. Hearst*, 563 F.2d 1331, 1351 (9th Cir. 1977); *see also Stoler v. Penn Cent. Transp. Co.,* 583 F.2d 896, 898 (6th Cir. 1978) (Testimony that a railroad crossing is "extra hazardous", a legal term of art under governing law, is excluded since it amounts to a legal opinion.).

[4] At the *Daubert* hearing, counsel for Cowan argued that expert testimony is unnecessary to establish that a truck driver should adjust his speed according to weather conditions and

intersection; (3) Mr. Crocker failed to use his seat belt to keep him in complete control of his commercial vehicle;[5] and (4) both crashes were preventable by Mr. Crocker as a commercial driver. Most, if not all, of these facts will be in dispute at trial. It is improper for an expert to rely on disputed facts and conclude that Crocker was negligent. *See Shahid v. Detroit,* 889 F.2d, 1543, 1547 (6th Cir. 1989) (Expert's opinion on whether the defendant was negligent was excluded because it was based on disputed facts). Further, Reed's opinion is merely a legal conclusion. He improperly opines that Crocker's actions amounted to negligence. *Id.* (Expert's opinion also excluded because it concluded that defendant's behavior amounted to negligence). Therefore, Reed's opinion that Crocker was negligent in the operation of his tractor-trailer is inadmissible.[6]

**B. Opinions that Crocker failed to use his seatbelt to keep him in complete control of his commercial vehicle and violated FMCSR**

---

environment. Cowan's argument is well-taken. Reed states that a truck driver traveling 50 to 55 mph on a two-lane highway with egress from houses and a business would not be prudent. (Reed dep., p. 82.) However, Reed gives this opinion from experience. There is no standard; and his opinions seem to be entirely subjective. He does not cite or refer to any manual or rule that indicates the proper actions or speed for a truck driver traveling on a wet roadway or in the rain. The reasonableness of a driver's speed given the conditions are matters for the jury in determining whether Crocker was negligent in his operation of the truck; Reed's opinion will not aid the jury, as it is not a technical or scientific issue.

[5] Reed's opinion on Crocker's non-use of his seatbelt is addressed in the next section.

[6] Similarly, Reed's opinion that Crocker's negligent actions were the proximate cause of the impact and the injuries sustained by Davis is also a legal conclusion. This opinion is overbroad. However, Reed states that Crocker's non-use of his seatbelt was the proximate cause of the collision with Davis. (Reed Dep., p. 207.) As this Court discusses in the next section, Reed's opinion on Crocker's non-use of his seatbelt is inadmissible.

4

In support of his opinion that Crocker was negligent in operating the tractor-trailer ("the Cowan truck"), Reed states that Crocker failed to use his seatbelt to keep him in complete control of his commercial vehicle and such failure was the proximate cause of the collision with Davis.[7] Reed also opines that Crocker's failure to use the seatbelt violated FMCSR, *i.e.*, 49 C.F.R. §§ 392.16.[8]

Based solely on his personal experience as a mechanic and truck driver,[9] Reed concludes that Crocker did not lose control of the Cowan truck due to a mechanical failure, such as disabled steering; and, Crocker's failure to wear his seatbelt can be the only other factor that caused him to cross over the center line into oncoming traffic and hit Davis (the "Davis impact").[10] In support, he: (1) offers witness testimony that Crocker did not cross the center line until he had traveled approximately 100 feet in his lane after the first impact (the "Miranda impact")(Reed Dep., p. 156); and (2) opines that when a truck driver who is not wearing a seatbelt hits something such as a bump, railroad, pothole or vehicle, the air suspension seat moves up and down four or five inches and ejects the driver. (*Id.* at

---

[7] In motions *in limine*, the parties argue over whether evidence of the non-use of a seatbelt is admissible under Ohio law. Regardless of the Court's ruling on that issue, Reed's opinion on Crocker's non-use of a seatbelt is inadmissible because Reed did not lay a proper foundation for the opinion.

[8] 49 C.F.R. § 392.16 (2005) states: "A commercial motor vehicle which has a seat belt assembly installed at the drivers seat shall not be driven unless the driver has properly restrained himself with the seat belt assembly." Ohio has also adopted the provisions of the FMCSR. *See* Ohio Admin. Code Section 4901: 2-5-02 (A).

[9] Reed admits he is not an accident reconstructionist.

[10] Reed offers no credible support or body of knowledge or writing for his theory that these are the only two factors in the universe that could cause loss of control in these circumstances. Reed maintains these theories even though he admits that he does not know if the air bag in the Cowan truck deployed after Cocker hit Miranda's vehicle and does not know Crocker's physical condition immediately after the impact with Miranda's vechicle. (Reed Dep., pp. 217-18.)

5

154-55, 209.)

Aside from his own experience as a truck driver and previous work on air suspension seats, Reed did not rely on any study or other evidence supporting his opinion that Crocker's failure to wear a seatbelt caused him to lose control of his vehicle and caused the Davis impact. Reed makes at least three unsupported assumptions in support of his opinion: first, that at some unknown time, Crocker was ejected from his seat (apparently while the vehicle was traveling in a straight 100 foot line); second, Crocker grabbed the steering wheel in an effort to regain control of the truck; and third, in his attempt to regain control, he caused the truck to cross into oncoming traffic.

In determining that there was no mechanical damage to the Cowan truck that caused Crocker to lose control after the Miranda impact, Reed relies almost exclusively on pictures of the truck after it had burned on impact with Davis; he did not physically inspect the truck. (*Id.* at 181.)  Reed also states that if the truck was damaged or the tire blew out, "somebody would have said it."  Reed fails to offer publications or evidence that support this technique as a generally accepted method for determining the proper mechanical functioning of a truck .

Reed does not provide any methodology for these opinions.  He offers no testimony or foundation that conclusions such as these are generally accepted principles for determining vehicle control or mechanical condition.  His experience as a truck driver and a mechanic alone are insufficient to support such opinions; his opinions are subjective and speculative.  As a result, his ultimate conclusion that Crocker's non-use of a seatbelt caused him to lose control after the first impact is unreliable.  Therefore, Reed's opinions that Crocker's failure to wear a seatbelt to keep him in control

of his commercial vehicle in violation of the FMCSR is inadmissible as evidence of negligence or causation.

**C. Opinions that Cowan was negligent in the training and monitoring of Crocker and violated FMCSR**

Reed opines that Cowan (1) was negligent in training and monitoring Crocker and (2) violated FMCSR.  However, as this Court previously dismissed the claim regarding Cowan's alleged negligence, counsel for Davis indicated at the *Daubert* hearing that he will not attempt to introduce this evidence unless Cowan opens the door to its training and monitoring of Crocker.

## II.  Conclusion

Defendant's Motion to Exclude/Strike (Doc. No. 93) is GRANTED.

IT IS SO ORDERED.

/s/ Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: September 23, 2005