IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEFFREY A. DAVIS, ) | |
| ) | CASE NO. 1:03 CV 2358 |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| COWAN SYSTEMS, L.L.C., *et al.* ) | |
| ) | **ORDER** |
| Defendants. ) | |

Defendant Cowan Systems ("Cowan") filed a Motion to Exclude/Strike Opinions of Plaintiff Jeffrey Davis' Accident Reconstruction Expert Frederick Lickert ("Lickert"). (Doc. No. 92.) Cowan seeks to prohibit Lickert from giving opinion testimony that: (1) Leland Crocker ("Crocker") had adequate time to bring his tractor-trailer to a stop before traveling into the oncoming lane and impacting the tractor-trailer operated by Davis; (2) Crocker's failure to use his seatbelt may have substantially contributed to his inability to control his tractor-trailer and keep it from going into the oncoming lane; and (3) the design of the intersection at Route 14 and Industry Road, especially when the road is wet, is conductive to allowing the rear end of rear-wheel drive vehicles to rotate counterclockwise.[1] (Doc. No. 92.) Cowan's motion (Doc. No. 92) is GRANTED in part.[2]

---

[1] In regard to Lickert's opinion on the design of the intersection, counsel for Plaintiff informed the Court at the pretrial conference that he would not introduce it at trial.

[2] The Court held a *Daubert* hearing for Davis to present the bases and foundation for Lickert's opinions. Davis stated that the foundation for Lickert's opinions was set forth in Lickert's deposition testimony and his expert report. This Court has reviewed those

## I. Analysis

Cowan argues that Lickert's opinions are unreliable under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).[3]

**A. Stopping Time**

Cowan asserts that Lickert's opinion that Crocker had adequate time to bring his truck to a stop after striking Pamela Miranda's ("Miranda") vehicle but before traveling into the oncoming lane and impacting the tractor-trailer operated by Davis must be stricken because Lickert's opinion: (1) fails to take into account the post-impact mechanical and physical and emotional aspects of the initial collision with Miranda's vehicle; and (2) cannot be tested because there is no theory or technique to test under *Daubert*.

In regard to Crocker's ability to brake after the initial impact with Miranda's vehicle, Lickert states in the report:

> If the Miranda Ford was stopped for three seconds, Mr. Crocker would not have had sufficient time and distance to have avoided [the impact with the Miranda Ford]. However, had he braked heavily, the

documents.

[3] Under *Daubert*, the trial court must ensure that all scientific testimony or evidence is both relevant and reliable. *Daubert* sets forth a non-exclusive list of factors for the court to consider in determining the reliability of expert testimony: (1) whether a theory or technique can be (or has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error in using a particular scientific technique and the existence and maintenance of standards controlling the technique's operation; and (4) whether the theory or technique has been generally accepted in the particular scientific field. *Daubert*, 509 U.S. at 593-94. The court may consider one or more of these factors, but the list does not apply exclusively to all experts or in every case. *Kumho Tire Co. v. Carmichael*, 526 U.S.137, 141 (1999). The court has broad latitude to determine whether these factors are reasonable measures of reliability in a particular case. *Id.* at 153.

> Cowan truck may have still struck the Miranda Ford, but under continued braking it would have come to a stop sixty-three feet short of the area of impact with the Davis tractor and trailer.[4]

(Lickert Report, p. 5.).  In support of these conclusions, Lickert opines that: "as a professional driver, if he were in his seat after the impact with the Miranda Ford, it would be expected that he would have braked heavily."(*Id.*)   Lickert then concludes that: (1)  "Crocker had adequate time to bring his truck to a stop before traveling left of center and impacting the tractor-trailer operated by Jeffrey Davis. . .." (*Id.)*; and (2) "The failure of . . . Crocker, a professional driver, to bring his tractor trailer to a stop or otherwise avoid traveling left of center and striking the tractor trailer operated by Jeffrey Davis was a direct and proximate cause of the collision with . . . Davis' tractor trailer."  *(Id.* at 6.)

Cowan also asserts that Lickert's opinion does not account for the tractor-trailer's mechanical damage and Crocker's physical and emotional state after striking Miranda's vehicle.  Lickert admits that he does not know how much damage was done to the tractor-trailer operated by Crocker after the Miranda impact.  (Lickert Depo., pp. 92, 95 -99.)  Lickert speculates that there was damage to the front left of the tractor-trailer, but not likely the wheel, given the size and weight of the tractor-trailer when compared to Miranda's SUV.  (*Id.* at 98.)  Further, he did not physically inspect the truck for damage, as it burnt after the Davis impact.  Lickert has failed to opine with a reasonable degree of certainty that mechanical damage did not cause the Cowan truck to go left of center after the Miranda impact.

---

[4] Lickert stated he learned from witness testimony that the tractor-trailer operated by Crocker traveled approximately 100 feet between striking Miranda's vehicle and traveling into the oncoming lane.  (Lickert Depo., pp. 91-92.)

3

Further, Lickert admits that he does not know the physical or emotional state that Crocker was in after the Miranda impact. Lickert testified that after the Miranda impact Crocker may have been bumbling around in his seat or may have lost his sensibilities. (*Id.* at 92, 97.) Nonetheless, Lickert's opinion assumes that there were no mechanical problems with the truck and there was no change in Crocker's physical and emotional state. Lickert's underlying assumptions are speculative. He does not even consider, for example, that the impact could cause a seated driver's foot to slip off the brake. The problem with Lickert's opinion, in this Court's view, is that he is making specific conclusions about what Crocker was capable of doing, or should have done after impact, without any basis or foundation. If Lickert either (1) knew of the truck's condition and what happened to Crocker after the Miranda impact, or (2) intends to offer an opinion only about stopping and braking distances after impact, that would be another matter.[5]

Without knowledge of the mechanical state of the truck or Crocker's physical state and ability to brake, Lickert's opinion that Crocker failure to brake continuously and bring his truck to a stop caused the impact with Davis is pure speculation and is inadmissible.[6]

**B. Seatbelt**

---

[5] The bare conclusion that Crocker had adequate time to stop does not necessarily indicate Crocker should have stopped or was able to stop. However, the Court has reviewed the entire report and testimony of Lickert; and it appears his opinions, taken as a whole, are comments about what Crocker should have done, or was capable of doing. That is this Court's concern.

[6] Cowan asserts that Lickert's opinion cannot be tested because there is no theory or technique to test under *Daubert*. The parties cite conflicting case law from other circuits on whether *Daubert* is applicable to expert testimony that relies only on the expert's experience, training, and calculations based on physics and mathematics. However, regardless of whether *Daubert* applies, this Court finds Lickert's opinion is speculative.

4

Cowan asserts that Lickert's opinion that Crocker's failure to use his seatbelt "may have" substantially contributed to his inability to control his tractor-trailer after the impact with Miranda's vehicle is speculative and it is based upon compounding inferences.[7]

Lickert opined that three possible reasons exist as to why Crocker's tractor-trailer traveled into the oncoming lane: (1) Crocker's failure to wear his seatbelt; (2) damage to the Cowan truck; and (3) a tractor jackknife resulting from the Miranda impact. (Lickert Report, p. 4.) In regard to Crocker's failure to wear a seatbelt, Lickert stated:

> It is not uncommon for a driver to become dislodged from the driver's seat during a collision and/or the secondary type collisions. When this occurs, a driver may grab the steering wheel in an attempt to hold on which can, and sometimes does re-direct the tractor and trailer. Mr. Crocker's failure to use his seatbelt and possible dislodgment from his seat would have also interfered with his ability to control his tractor trailer and return it to its proper lane of travel after he moved left of center.

(Lickert Report, p. 4.)

As Lickert's opinion that Crocker's failure to wear his seatbelt is one of three reasons as to why the Cowan truck went left of center, this opinion is speculative. Further, Lickert only speculates as to Crocker's dislodgment. In fact, Lickert conceded that Crocker may have remained in his seat following the impact with Miranda's vehicle and that there was insufficient evidence to conclude that Crocker's seatbelt caused the collision with Davis's tractor-trailer. (Lickert Depo. pp. 93, 95.)

---

[7] In motions *in limine*, the parties argue over whether evidence of the non-use of a seatbelt is admissible under Ohio law. Regardless of the Court's ruling on that issue, Reed's opinion on Crocker's non-use of a seatbelt is inadmissible because Reed did not lay a proper foundation for the opinion.

Lickert indicated that he "can't say whether [the second impact] was a result of the seat belt or not." (Lickert Depo. at 95.) Lickert's opinion regarding the seatbelt is speculation unsupported by evidence. *See Daubert*, 509 U.S. at 590 (An expert's testimony must be "more than subjective belief or unsupported speculation."). Moreover, this Court finds that the mere possibility that Crocker's failure to use the seatbelt may have contributed to a loss of vehicle control is not within a reasonable degree of accident reconstruction certainty. Therefore, Lickert's opinion on Crocker's failure to use his seatbelt as a reason for traveling into the oncoming lane is inadmissible.

## II. Conclusion

Cowan's Motion to Exclude/Strike (Doc. No. 92) is GRANTED in part.

IT IS SO ORDERED.

/s/Nancy A. Vecchiarelli<br>U.S. Magistrate Judge

Date: September 23, 2005